(Nos. 2189, 2190, Consolidated—

R. D. WILSON, No. 2189, LUELLA WILSON, No. 2190; Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 13, 1934.*

MUSGRAVE, OPPENHEIM, PRICE & EWINS, for claimant.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General,. for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

These claims are filed respectively by husband and wife, and the facts are the same in each. The claims grow out of an auto accident, which befell the car of R. D. Wilson, driven by his wife, Luella Wilson, on Milwaukee Avenue, five miles south of the Village of Wheeling. Claimants contend that the approaches to a viaduct at that point over the tracks of the Chicago & Northwestern Railway Company are under the control of the State; that it maintains a guard rail or fence along said viaduct and that it was its duty to so maintain same in a proper state of repair as to protect the users of said Highway; that the fence had been broken down for some ten days before the accident in question and had been permitted to so remain; that on the day in question, the road bed or pavement was slippery from rain; that Mrs. Wilson was driving at a speed of thirty miles per hour; that the auto skidded, left the pavement and ran through the fence where it was in disrepair, damaging the car to the amount of One Hundred Fifty-eight and 55/100 Dollars ($158.55) and injuring claimant Luella Wilson to the damage of plaintiff R. D. Wil-

son in loss of his wife's services in the sum of One Hundred Dollars ($100.00) and to the damages of said Luella Wilson in the sum of Two Hundred One and 25/100 Dollars ($201.25) for hospital, medical and household help and clothing and One Hundred Fifty Dollars ($150.00) for pain and suffering.

Respondent, through the office of the Attorney General, files its motion to consolidate the two causes. It appearing from an examination of the records that the two causes involve the same state of facts and questions of law, the motion is allowed and the causes are ordered consolidated accordingly.

A demurrer was filed in each cause by the Attorney General. Under the present practice same will be treated as a motion to dismiss.

If any award could be allowed here, same would have to be upon the basis that the proximate cause of the accident was the negligence of the State (through its employees), and that the driver of the car was not guilty of contributory negligence. In view of the averments in the complaints that Luella Wilson was driving up over the viaduct at a speed of thirty miles per hour on a slippery pavement, immediately after a rain, we doubt the absence of contributory negligence; but regardless of this, it is the well-established rule of law that the doctrine of *respondeat superior* does not apply to the State in the exercise of a purely governmental function.

"The government itself is not responsible for the misfeasances, or wrongs, or negligences, or omissions of duty of the subordinate officers or agents employed in the public service; for it does not undertake to guarantee to any person the fidelity of any of the officers or agents whom it employs; since that would involve it, in all its operations, in endless embarrassments, and difficulties and losses, which would be subversive to the public interests; and indeed laches are never imputable to the government. *Seymour* vs. *VanSlyck,* 8 Wend. 403, 422; *United States* vs. *Kirkpatrick,* 9 Wheat, 720, 723."

*Story on Agency,* 9th Ed. Sec. 319, p. 390.

It has been held by this court that in the building and maintenance of a system of highways and hard surfaced roads the State is exercising a governmental function and acting in its sovereign capacity. *Chumbler* vs. *State,* 6 C. C. R. 136; *Highland* vs. *State,* 6 C. C. R. 384.

This rule has been applied and followed by the Court of Claims in many instances where claims have arisen as the result of alleged negligence of officers or servants of the State.

In each instance such claims were denied for the reason that the State cannot be held liable for the misfeasance, malfeasance or nonfeasance of its agents.

State Bank of Chicago vs. State, 1 C. C. R. 158.<br>
Belt vs. State, 1 C. C. R. 266.<br>
Morrissey vs. State, 2 C. C. R. 254.<br>
Schroeder vs. State, 3 C. C. R. 36.<br>
Ogan vs. State, 4 C. C. R. 347.<br>
Dunning vs. State, 5 C. C. R. 232.<br>
Janeczko, Admr. vs. State, 5 C. C. R. 244.<br>
Pelka Admx. vs. State, 6 C. C. R. 390.

The demurrer is sustained and by reason of the facts alleged in the complaints and the law as it exists, the claims will be, and each of them is hereby dismissed.